IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARLTON MCKISSIC, | : |
| Plaintiff, | : |
| VS. | : NO. 7:24-CV-00003-LAG-TQL |
| C. RAWLING, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a *pro se* Complaint and Amended Complaint filed by Plaintiff Carlton McKissic, an inmate in the Valdosta State Prison in Valdosta, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 6). Plaintiff has also filed a motion to proceed *in forma pauperis* in this action (ECF No. 2) and two motions for appointed counsel (ECF Nos. 3, 5). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and his motions for appointed counsel are **DENIED**. It is additionally **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTIONS FOR APPOINTED COUNSEL

Plaintiff filed two motions seeking appointed counsel (ECF Nos. 3, 5). As these are Plaintiff's first requests for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional

circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motions for appointed counsel are **DENIED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S CLAIMS

### I. Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his treatment at the Valdosta State Prison ("VSP") in Valdosta, Georgia. Compl. 5, ECF No. 1. According to the Complaint, Plaintiff was attacked by another inmate on August 9, 2022 and stabbed in the back. *Id.* Plaintiff contends he suffered permanent spinal injuries as a result of this attack. *Id.* Plaintiff was treated at a hospital for four days, and then he was transferred to the Coastal State Prison Hospital Unit for another seven days. *Id.* It is unclear when he returned to VSP. *Id.* In his original Complaint, Plaintiff names the Georgia Department of Corrections, mental health counselor C. Rawlings, an unidentified "practitioner of the healing arts," and VSP Warden Jacob Beasley as Defendants. *Id.* at 4. Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, a jury trial, costs, and "any additional relief this Court deems just, proper, and equitable" as a result of the constitutional violations he alleges. *Id.* at 7.

In his Amended Complaint, Plaintiff identifies prison physician Dr. Raymond

Moody as the unnamed "practitioner of the healing arts" referenced in his original Complaint. Am. Compl. 2, ECF No. 6. In addition, Plaintiff contends prison officials have failed to properly process or otherwise respond to the grievances Plaintiff has filed about the attack. *Id.* at 3-4. He also seeks to increase the amount of compensatory damages he seeks. *Id.* at 4.

### III. Plaintiff's Claims

#### A. Deliberate Indifference to Safety

Plaintiff's allegations could first give rise to a claim that prison officials failed to prevent him from being attacked at VSP. *See, e.g.,* Compl. 5, ECF No. 1. Claims that prison officials were deliberately indifferent to an inmate's safety are generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting this type of Eighth Amendment claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332.

The subjective component of deliberate indifference requires a prisoner to allege facts showing that a prison official had "'more than a generalized awareness of risk'" to the prisoner. *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101-02 (11th Cir. 2014)). The inmate can do

7

this by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Id.* at 1235-36 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)); *see also Estate of Owens v. GEO Group, Inc.*, 660 F. App'x 763, 769 (11th Cir. 2016) (per curiam) (identifying "the particularized risk claim" and "the dangerous conditions" claim as the two theories under which inmates may seek to advance an Eighth Amendment failure-to-protect claim). The objective prong requires the prisoner to allege facts establishing that the prison official objectively "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Marbury*, 936 F.3d 1234-35 (internal quotation marks omitted).

Plaintiff has not alleged facts sufficient to state an actionable claim under either of these theories. Plaintiff does not allege any facts that could show that any named Defendant subjectively knew that the inmate who attacked Plaintiff posed a specific threat to Plaintiff's safety. Plaintiff also fails to allege specific facts that could show that VSP was a prison "where violence and terror reign[ed]" and was thus so dangerous that Plaintiff faced a substantial risk of serious harm simply because he was housed there. *Marbury*, 936 F.3d at 1234 (internal quotation marks omitted). While Plaintiff mentions his belief that the prison was "understaff, etc." Compl. 5, ECF No. 1, he makes no factual allegations that would support that assertion. These claims should therefore be dismissed without

8

prejudice.  *Iqbal*, 556 U.S. at 678.

### B. Deliberate Indifference to Serious Medical Needs

Plaintiff next alleges he did not receive adequate medical care for the injuries he suffered in the attack. These allegations give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

Plaintiff has alleged that he was stabbed in the back by another inmate and suffered

spinal injuries that caused him to become permanently disabled. Compl. 5, ECF No. 1. These allegations are sufficient at this stage to show that Plaintiff had a serious medical need immediately after the attack. But Plaintiff has not pleaded facts sufficient to show that any named Defendant was deliberately indifferent to that serious medical need. In his original Complaint, Plaintiff states he was hospitalized for four days and transferred to a prison hospital unit for another week, but he does not explain how the care he received at either of those facilities was inadequate to treat his injuries. Compl. 5, ECF No. 1.

In his Amended Complaint, Plaintiff suggests his ongoing care at VSP has been inadequate. More specifically, Plaintiff contends that Defendant Moody—a VSP physician—failed to have Plaintiff treated by an outside pain management specialist. Am. Compl. 2, ECF No. 6. This allegation fails to state an actionable claim. Serious pain that is not promptly or adequately treated can be considered a serious medical need. *See Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) ("Under our case law, a reasonable jury could find that [prisoner's] severe pain and suffering constituted a serious medical need."). At the same time, however, "a plaintiff's statement that he experienced some pain or discomfort is not enough; the prisoner's pain must be objectively so severe that the failure to treat it deprives him of the minimal civilized measure of life's necessities." *Brennan v. Thomas*, 780 F. App'x 813, 820 (11th Cir. 2019) (per curiam) (internal quotation marks omitted). Plaintiff contends he presently experiences "pain, burning sensation, and tingling sensation." Am. Compl. 2, ECF No. 6. These allegations do not indicate that his pain was objectively so severe that it amounted to a serious medical need.

He has therefore failed to state an actionable Eighth Amendment claim.

Even if the Court were to assume that Plaintiff's pain was a serious medical need, Plaintiff has also failed to allege facts sufficient to show that any named Defendant was deliberately indifferent to that need. Plaintiff acknowledges that he was permitted to purchase pain medication to treat his symptoms. Am. Compl. 2, ECF No. 6. The fact that Plaintiff was required to purchase this medication, standing alone, does not amount to a constitutional claim. "There is, of course, no general constitutional right to free health care." *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997). While the prison is responsible for providing inmates with basic medical care, "[i]f a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'" *Id.* "Instead, such a requirement simply represents an insistence that the prisoner bear a personal expense that he or she can meet and would be required to meet in the outside world." *Id.* In this case, Plaintiff has not alleged that he was unable to pay for the medication he desired, that any named Defendant interfered with his ability to purchase medication, or that he was not provided necessary medications for which he could not pay. *See, e.g., id.* at 173-74 (holding that charging inmates "a modest fee for health care" did not violate the Eighth Amendment where "no inmate is ever denied medical care for lack of money"); *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) (holding that "imposition of modest fee for medical services, standing alone, does not violate the Constitution"); *McCall v. Johnson Cnty. Sheriff's Dep't*, 71 F. App'x 30, 31 (10th Cir. 2003) ("It is clearly constitutionally acceptable to charge inmates a small fee for health

care where, as here, indigent inmates are guaranteed service regardless of ability to pay.").

To the extent Plaintiff challenges Defendant Moody's decision not to refer Plaintiff to an outside pain specialist, that decision "is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (internal quotation marks omitted); *see also Tucker v. Busbee*, 619 F. App'x 868, 871 (11th Cir. 2015) (per curiam) (holding that prison doctor's decision not to send prisoner to specialist "was a matter of medical judgment, and a difference of opinion as to the proper course of treatment, standing alone, does not constitute deliberate indifference within the meaning of the Eighth Amendment"); *Hilton v. McHugh*, 178 F. App'x 866, 871 (11th Cir. 2006) (per curiam) (affirming summary judgment for defendants where prisoner's "core complaint is that he should have been referred to a specialist, which [defendant] believed was not medically necessary" because decision was "not deliberate indifference, but a disagreement over a course of treatment" and thus not actionable). Plaintiff has thus failed to state an Eighth Amendment claim based on Defendants' alleged failure to provide him with adequate medical care, and any such claims should be dismissed without prejudice.

### C. Claims Related to Plaintiff's Grievances

Plaintiff also suggests that prison staff failed to respond to at least one grievance Plaintiff filed about the attack. Am. Compl. 3-4, ECF No. 6. These allegations also fail to state an actionable constitutional claim. Plaintiff does not have any due process right to access a prison's grievance procedure or have those procedures properly followed. *See,*

*e.g., Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns).[2]  Any such claims Plaintiff is attempting to raise in this action should therefore be dismissed without prejudice.

### D. Equal Protection Claims

Plaintiff also mentions that he seeks "equal protection relief." Am. Compl. 4, ECF No. 6. The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. In order to state an equal protection claim, a plaintiff must allege that similarly situated persons—or "comparators"—have been treated disparately through state action. *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam); *see also Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). In this case, Plaintiff has not alleged that any similarly situated person was treated differently than he was, and he has therefore failed to state a claim upon which relief may

---

[2] Though Plaintiff specifically alleges Defendants violated his First Amendment right to petition the government for redress, this First Amendment right guarantees Plaintiff's access to the courts, not access to a prison's internal grievance or administrative procedures. *See Bingham*, 654 F.3d at 1177. Plaintiff has not alleged that his lack of access to the prison's grievance procedures impeded his access to the courts.

be granted. *See, e.g., Williams*, 131 F. App'x at 687 (affirming dismissal of equal protection claims where plaintiff "failed to allege facts showing that any other specific inmate" had been treated differently than plaintiff). As such, any equal protection claims Plaintiff seeks to raise in this action should be dismissed.

### E. Federal Tort Claims Act Claims

Plaintiff further mentions seeking relief under the Federal Tort Claims Act ("FTCA"). Am. Compl. 4, ECF No. 6. The FTCA permits a party injured by a federal employee acting within the scope of their employment to sue the United States for such injuries. *Brownback v. King*, 141 S. Ct. 740, 745 (2021). More specifically, an FTCA claim is actionable if it is brought:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his officer or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the action or omission occurred.

*Id.* (alterations in original) (internal quotation marks omitted). In addition, the FTCA requires that the claimant first present his claim in writing to the appropriate agency (and that the agency finally deny the claim) before the claimant can file a suit in federal court. *See id.* "If a party files a lawsuit in a district court before filing an administrative claim and exhausting the statutory administrative remedies, the suit is premature and the district court lacks subject matter jurisdiction over the action." *Gibbs v. United States*, 517 F. App'x 664, 669 (11th Cir. 2013) (per curiam).

In this case, Plaintiff has not sued the United States, alleged any action by a federal employee, or "filed anything showing or even alleging that he exhausted his administrative remedies" by filing a claim with the appropriate government agency prior to filing this lawsuit. *Gibbs*, 517 F. App'x at 669. Plaintiff has therefore failed to state an actionable FTCA claim, and any such claims he seeks to raise must be dismissed.

F. Claims against the Georgia Department of Corrections

Finally, Plaintiff also names the Georgia Department of Corrections as a Defendant in this lawsuit. The Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections . . . . This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."); *see also Will*, 491 U.S. at 70 (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Plaintiff's claims against the GDC are therefore also subject to dismissal.

## CONCLUSION

As discussed herein, Plaintiff's motion for leave to proceed *in forma pauperis* in this action (ECF No. 2) is **GRANTED**, but Plaintiff's motions for appointed counsel (ECF Nos. 3, 5) are **DENIED.** Because Plaintiff's Complaint and Amended Complaint, as pleaded, fail to state a claim upon which relief may be granted, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Leslie A. Gardner, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED** this 12th day of April, 2024.

s/ ***Thomas Q. Langstaff***
United States Magistrate Judge