IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARLTON MCKISSIC, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:24-CV-3 (LAG) (ALS) |
| C. RAWLING, *et al.*, | : |
| Defendants. | : |

### ORDER

Before the Court is the Magistrate Judge's Order and Recommendation (O&R) (Doc. 7), dated April 12, 2024, Plaintiff's first Objection, dated May 13, 2024 (Doc. 10), and Plaintiff's second Objection, dated June 3, 2024 (Doc. 11). For the reasons below, Plaintiff's Objections are **OVERRULED**, and the O&R is **ACCEPTED** and **ADOPTED**.

### BACKGROUND

*Pro se* Plaintiff Carlton McKissic, an inmate confined in Valdosta State Prison (VSP) in Valdosta, Georgia, filed a Complaint asserting claims pursuant to 42 U.S.C. § 1983 on January 17, 2024. (*See* Doc. 1). Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (IFP) (Doc. 2) and two Motions to Appoint Counsel (Docs. 3, 5) on January 17, 2024. On March 8, 2024, Plaintiff filed an Amended Complaint. (Doc. 6). On April 12, 2024, the Magistrate Judge issued an Order and Recommendation (O&R). (Doc. 7). Therein, the Magistrate Judge granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motions to Appoint Counsel, and recommended Plaintiff's claims be dismissed without prejudice. (*Id.* at 1).

The O&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2) for the Parties to file written objections. On May 8, 2024, Plaintiff filed a Motion for Extension of Time to File an Objection (Doc. 8), which the Magistrate Judge granted on May 9, 2024 (Doc. 9). The

Court ordered Plaintiff to file any objections by May 23, 2024. (Doc. 9). "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (alteration in original) (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam)). Here, Plaintiff's first Objection is dated May 13, 2024, and is therefore timely. (Doc. 10). Plaintiff's second Objection, however, is dated June 3, 2024. (Doc. 11). Because the deadline to file an objection was May 23, 2024, the objection dated June 3, 2024, is untimely and the Court doesn't consider it. Moreover, even if Plaintiff's second Objection had been timely, it suffers from the same defects found in the first Objection.

## LEGAL STANDARD

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732. The Court also has discretion to consider new facts and arguments raised in an objection. *Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). When a party's objections, however, are "[f]rivolous, conclusive, or general," the district court need not consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam). An objecting party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Id.* at 1360.

**DISCUSSION**

In his first Objection, Plaintiff "object[s] to the denial of [his] [Eighth] Amendment claims[.]" (Doc. 10 at 5). The Magistrate Judge determined that Plaintiff's deliberate indifference to safety claim fails because Plaintiff (1) "[did] not allege any facts that could show that any named Defendant subjectively knew that the inmate who attacked Plaintiff posed a specific threat to Plaintiff's safety"; and (2) "fail[ed] to allege specific facts that could show that VSP was a prison . . . so dangerous that Plaintiff faced a substantial risk of serious harm simply because he was housed there." (Doc. 7 at 8 (citation omitted)).[1] The Magistrate Judge similarly determined that Plaintiff's deliberate indifference to serious medical needs claim fails because, although the allegations are sufficient to demonstrate a serious medical need, "Plaintiff [did] not plead[] facts sufficient to show that any named Defendant was deliberately indifferent to that serious medical need." (*Id.* at 10). In the first Objection, Plaintiff argues that Defendant C. Rawling "violate[d] Plaintiff's [Eighth] Amendment right[s] . . . because [Defendant C. Rawling] had previously documented and filed . . . records" related to his claims. (Doc. 10 at 5). Plaintiff further argues that Defendant C. Rawling (1) "knew there was substantial risk that Plaintiff would be seriously harmed"; (2) "failed to respond reasonably to protect Plaintiff from serious risk of harm"; (3) did "not inform[] proper security authority to place Plaintiff in a safer environment"; and (4) that the failure to act "cause[d] Plaintiff to be stabbed in the back[.]" (*Id.* at 6). Plaintiff, however, does not address the Magistrate Judge's finding that, considering both the original and amended Complaints, "Plaintiff has not pleaded facts sufficient to show that any named Defendant was deliberately indifferent to [his] serious medical need." (Doc. 7 at 10). While Plaintiff names Defendant C. Rawling, he still does not allege facts that Defendant C. Rawling was actually aware that her conduct caused a substantial risk of serious harm to Plaintiff. *See Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024).

---

[1] Considered in light of *Wade v. McDade*, the Magistrate Judge's findings that Plaintiff failed to state an Eighth Amendment claim based on deliberate indifference to safety and deliberate indifference to medical need is unaffected. 106 F.4th 1251 (11th Cir. 2024) (holding that "a deliberate-indifference plaintiff must demonstrate that the defendant was actually aware that his own conduct caused a substantial risk of serious harm to plaintiff").

3

Plaintiff also asserts that "the Court cannot disregard the Plaintiff's injury *regardless* of a[] failure to state a claim[.]" (Doc. 10 at 9) (emphasis added). Plaintiff, therefore, seemingly concedes that he failed to state a claim. Regardless of Plaintiff's belief about the law, Plaintiff's Objection fails to address the Magistrate Judge's findings that (1) Plaintiff's claims related to grievances "fail to state an actionable constitutional claim"; (2) "Plaintiff has not alleged that any similarly situated person was treated differently than he was," and has thus failed to state a claim upon which relief can be granted under the Equal Protection Clause; (3) "Plaintiff has . . . failed to state an actionable FTCA claim"; and (4) "Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity." (Doc. 7 at 12, 13, 15, 16 (citations omitted)). Accordingly, Plaintiff's Objections (Docs. 10, 11) are **OVERRULED**.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered the O&R and Objections, and performed a *de novo* review of those portions of the O&R to which Plaintiff purportedly objects. Upon full review and consideration, the Court finds that the O&R (Doc. 7) should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court. Plaintiff's Objections (Docs. 10, 11) are **OVERRULED**.

**SO ORDERED**, this 6th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**